# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE LEE SWIFT, | Case No. CV 16-8946 FMO (RAOx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

On December 2, 2016, Connie Lee Swift ("plaintiff") filed the Complaint[1] against the State of California ("defendant") and Doe defendants asserting state law claims for unjust enrichment and declaratory relief. (See Dkt. 1, Complaint at ¶¶ 9-12). Plaintiff alleges that his "Complaint is being filed in federal court [] because there is a federal question to be resolved, even though the United States Government is not a party." (Id. at ¶ 1).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114

---

[1] On October 7, 2016, plaintiff filed a substantially identical Complaint against the State of California. See Swift v. California, Case No. CV 16-7534 (C.D. Cal.). When this action was filed, it was transferred to this court because it was related to the prior action. The court dismisses this action for the same reasons it dismissed the prior action. Given the similarity of this action with the prior action, the court will not, as it did in the prior action, direct the clerk to refund the $400 filing fee to plaintiff.

S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a),[2] complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff appears to be a citizen of California. (See Dkt. 1, Complaint at ¶ 2). However, defendant is the State of California, (see id. at ¶ 1), and "[t]here is no question that a State is not a 'citizen' for purposes of [] diversity jurisdiction." Moor v. Alameda Cnty., 411 U.S. 693, 717, 93 S.Ct. 1785, 1800 (1973); see Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1123 (9th Cir. 2013) (noting that a State is "not a 'citizen' for diversity purposes"); Postal Tel. Cable Co. v. Alabama, 155 U.S. 482, 487, 15 S.Ct. 192, 194 (1894) ("A State is not a citizen. And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen . . . of another state is not between citizens of different states[.]"); Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1381 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989) (same). Thus, complete diversity does not exist in this matter, and the court must dismiss the action for lack of subject matter jurisdiction. See Am. Vantage Cos., Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1097 (9th Cir. 2002) (explaining that States cannot be sued in diversity "because they are not citizens of any state"); Morongo Band of Mission Indians, 858 F.2d at 1380 ("If jurisdiction is lacking at the outset, the

---

[2] In relevant part, 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a).

1 | district court has no power to do anything with the case except dismiss.") (internal quotation marks
2 | omitted).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that the above captioned action shall be dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 15th day of December, 2016.

/s/
Fernando M. Olguin
United States District Judge